61 F.3d 920
 40 Cont.Cas.Fed. (CCH) P 76,820
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
M. BIANCHI OF CALIFORNIA, Appellant,
v.
William J. PERRY Department of Defense, Appellee.
 No. 94-1166.
 United States Court of Appeals, Federal Circuit.
 July 21, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Aug. 31, 1995.
 
 Before RICH, NEWMAN, and RADER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 M. Bianchi of California (MBOC) appeals the September 20, 1993 decision of the Armed Services Board of Contract Appeals (ASBCA or board) in ASBCA Nos. 37395, 37798, 42243, 42244, and 42416 (consolidated), denying MBOC royalties based on five Value Engineering Change Proposals (VECPs). We affirm.
 
 DISCUSSION
 
 2
 MBOC is a government contractor for military garments. This appeal involves three contracts and five VECPs. Three of the VECPs suggest changing the interlining in specific military garments from a woven material to PELLON, a nonwoven fusible material. Of the other two VECPs, one suggests changing the type of thread around button holes, and the second suggests combining size labels in specific garments.
 
 
 3
 MBOC submitted five claims to the Contracting Officer. A final decision was never issued, and MBOC took five separate appeals to the board where they were consolidated. Before the board, MBOC asked for concurrent, collateral, and future contract savings on all items with button holes, wherever nonwoven fusible interlining is used, and wherever separate labels are combined claiming that they all meet the "essentially the same items" clauses of the contracts. MBOC seeks royalties, from 1988 to 1990, of approximately $180,000,000 for these suggestions.
 
 
 4
 The board unanimously rejected MBOC's claims holding as a matter of law that the doctrine of constructive acceptance does not apply to MBOC's claims, that no instant or concurrent savings were created by MBOC's VECPs, and that the Value Engineering Incentive (VEI) clause does not provide for collateral savings. Below is a table relating the contracts, the VECPs, and the board's findings.
 
 
 5
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 6
 The Contracts Disputes Act (CDA) states the standard for this court's review of decisions from agency contract appeals boards as follows:
 
 
 7
 [T]he decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.
 
 
 8
 41 U.S.C. Sec. 609(b) (1988); See Federal Data Corp. v. United States, 911 F.2d 699, 702 (Fed.Cir.1990).
 
 
 9
 Although MBOC enumerates sixteen issues on appeal, we find it necessary to address only those issues that are dispositive.
 
 
 10
 In its opinion, the board thoroughly evaluated the legal and factual basis for its determinations, which provide several alternative grounds for nonallowance of all the VECPs at issue.
 
 
 11
 All three contracts at issue include the same VEI clause. Its pertinent language is as follows:
 
 
 12
 If the VECP accepted under this contract is used on future purchases of essentially the same items by the purchasing office, or its successor, the Contractor shall share in the savings.... (emphasis added).
 
 
 13
 From the above language, it is clear that the VECP must be accepted under the contract for allowance of royalties thereunder. As noted in the table above, the board found that three of the VECPs had been rejected by the agency, Nos. 1280, 2880, and 3380. MBOC, however, asserts that VECP Nos. 1280, 2181, 2880, and 3380 were "constructively accepted" by the agency when it allegedly implemented the "concepts" of these proposals in future contracts and therefore, it is entitled to future royalties. The government argues that MBOC's theory of constructive acceptance was properly rejected by the board.
 
 
 14
 The provisions of the VEI clause limit a contractor's recovery of cost savings arising from the agency's adoption of a VECP to instances where the VECP 1) is accepted by the agency, 2) is implemented on the instant contract, and 3) requires the issuance of a change to the contract. See John J. Kirlin v. United States, 827 F.2d 1538 (Fed.Cir.1987). The board, in applying Kirlin, found that VECP Nos. 1280, 2880, and 3880 were specifically rejected by the agency and thus constructive acceptance was not a viable theory for entitlement. Subsequent to the board's findings, this court reaffirmed the board's application of the reasoning in Kirlin, which limits constructive acceptance to cases where the contractual relationship has not ended. M. Bianchi of California v. United States, 31 F.3d 1163, 1167 (Fed.Cir.1994) ("If the government rejects the proposal in good faith and the contract terminates, the VECP terminates with the contract."). We affirm the board's decision, holding that the agency rejected VECP Nos. 3380, 1280, and 2880 without bad faith before termination, as supported by substantial evidence and based on proper application of the legal requirements for constructive acceptance. Although the board found that VECP No. 2181 had been accepted by the agency, it concluded that MBOC had not established entitlement to royalties on the basis discussed below.
 
 
 15
 MBOC's claim for future royalties also requires interpretation of the "essentially the same items" language in the VEI clause. MBOC argues that the "essentially the same items" language means the "components" in the military clothing, such as the thread, interlining, and labels for use on any military items having such components, and not the particular garment that is the subject of the contract. This court, however, has recently interpreted this same language from one of the contracts at issue here to mean "[t]he 'items' referred to in the contract are the ones manufactured and shipped pursuant to the contract." M. Bianchi of Cal. at 1168. The "essentially the same items" language refers to the items purchased under the contract and not to the component parts thereof. Because the board's interpretation in the instant appeal is consistent with this court's precedent, we affirm.
 
 
 16
 After careful review of the record, we hold that there is substantial evidence to support the board's findings that either none of the future contracts were for "essentially the same items" or, in the case of VECP No. 2181, no contractor ever implemented the suggestion. Therefore, MBOC is not entitled to royalties on any future contracts.